**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4529**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN CARLOS GASPAR-LOPEZ,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.   (2:06-cr-00009-RGD)

---

Submitted: December 21, 2006        Decided: December 29, 2006

---

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Paul A. Driscoll, PENDER & COWARD, P.C., Virginia Beach, Virginia for Appellant.  Charles Philip Rosenberg, United States Attorney, Alexandria, Virginia, Joseph Evan DePadilla, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Gaspar-Lopez pled guilty to aggravated identity theft, 18 U.S.C.A. § 1028A (West Supp. 2006), and received a mandatory sentence of two years imprisonment. Under the terms of his plea agreement, Gaspar-Lopez waived his right to appeal his conviction and any sentence within the statutory maximum of two years imprisonment. Gaspar-Lopez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Gaspar-Lopez knowingly waived his right to appeal and whether the district court erred in accepting the guilty plea, but stating that, in his view, there are no meritorious issues for appeal. Gaspar-Lopez has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

This Court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Here, the district court

questioned Gaspar-Lopez about the waiver of his right to appeal his sentence, but did not address the waiver of his right to appeal his conviction. Thus, we conclude that the waiver is valid with respect to Gaspar-Lopez's attempt to appeal his sentence, but not with respect to his appeal of his conviction.

Nonetheless, we are convinced that the guilty plea was valid. The record reveals that the district court fully complied with the requirements of Fed. R. Crim. P. 11 before accepting Gaspar-Lopez's guilty plea. We conclude that that both Gaspar-Lopez's guilty plea and waiver of the right to appeal his sentence were knowing and voluntary.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED